PETER P. LOWE, ADMINISTRATOR OF SOPHIA LOWRY, DECEASED, *v.* FIELDING LOWRY, JAMES STEELE, AND OTHERS.

Bill of peace can not be sustained with respect to personals, where no title is established at law, and it is not necessary to prevent a multiplicity of suits.

Party prosecuting at law, a groundless action of replevin, can not be relieved in equity against the legal consequences.

THIS was a bill in chancery, which was adjourned here for decision from Montgomery county, in connection with the preceding cause, between the same parties. The facts necessary to state, for a clear understanding of the decision of the court, are these:

Lowe, Adm'r, *v.* Lowry et al.

In the month of January, 1822, Sophia Cooper, widow and re-
lict of Daniel C. Cooper, deceased being possessed of considerable
personal property, and some real estate, both in her own right, and
as dower in her late husband's estate, being also the mother of
two children, sons of herself and D. C. Cooper, deceased, in con-
templation of a marriage with the defendant, Fielding Lowry,
made a conveyance in trust, of her principal property, real and
personal, to the defendant Steele, to hold the same for her own use,
78] during her *contemplated coverture, and for any issue that
might spring from it, reserving a power in herself, at any time, to
direct the trustee in making certain dispositions of the property.
The marriage took place, and there was issue of it, one son, the
defendant, Fielding Lowry, jr.   The property remained in the
possession of Mr. and Mrs. Lowry, and was considered subject
to the trust, until her death in 1825.   She had contracted some
debts during her widowhood, which remained unpaid.   Some
debts arose during her marriage with Lowry, in improving her
real estate, and the expenses of her last sickness and funeral were
to be paid.   The plaintiff Lowe, at the request of the defendant
Lowry, took letters of administration to Mrs. Lowry, and under
these, he claimed from Lowry, in whose possession they remained,
the personalties included in the deed of trust.   Lowry refused to
deliver them, upon which Lowe, having had them appraised,
brought a replevin against Lowry, and thus obtained the posses-
sion.   On the trial of the replevin, a verdict was rendered against
Lowe, and damages given in favor of Lowry for twelve hundred
and fifty dollars seventeen cents, as the value of the goods, one
hundred and twelve dollars eighty-seven cents, as interest, and
sixty-nine dollars twenty cents as costs.

The bill sets out these proceedings, and also sets out the debts
due from Mrs. Lowry, and the means within the reach of the ad-
ministrator to pay them.   It prays a decree, charging the estate
of Mrs. Lowry with these debts, and requests that some order be
made for the legal disposition of the balance, asks an injunction
against the judgment obtained by Lowry in the replevin suit, and
prays for general relief.

The defendant Steele admitted the facts stated in the bill;
Lowry demurred.

Lowe, for complainant.

· King *v.* Kenny.

BACON, for defendant.

By the COURT:

There is no equity in the bill upon which the complainant can be relieved. Its chief object, though somewhat dimly *pre- [79 sented, is that of a bill of peace. But the subject matter does not relate to real estate, and as to the personal, the complainant has established no right at law. This is deemed indispensable to sustain a bill of peace, unless an issue is necessary to bring in different interested parties, and thus prevent litigation, and a multiplicity of suits. 2 Johns. Ch. 281.

There seems to be no ground for relieving the complainant against the judgment at law, in the action of replevin. There is no allegation that the complainant was ignorant of any material fact since discovered; no suggestion of fraud, accident, surprise, or mistake. No circumstance is charged in the bill to warrant a conclusion that the judgment at law is not according to the right of the case. On the contrary, we are satisfied, from another case which has been before us in connection with this, that the judgment against the complainant in replevin is unimpeachable. The facts that he prosecuted a groundless action, and that the result has involved him in a heavy responsibility, supply no grounds for his relief here. If the peculiar provisions of the statute regulating the proceedings in replevin operate hardly in a particular case, that circumstance invests the court with no power to relieve against them. 4 Ves. 639. The injunction must be dissolved, and the bill dismissed with costs.